# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| TYRONE HURT, et al., <br>     Plaintiffs, | Case No. 1:13-cv-432 |
| vs. | Weber, J. <br> Bowman, M.J. |
| UNITED STATES OF AMERICA, <br>     Defendant. | **REPORT AND RECOMMENDATION** |

Plaintiff has filed a pro se complaint alleging a violation of his federal constitutional rights. (Doc. 1). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In the complaint, which plaintiff presumably brings on behalf of Black Panther Party members incarcerated within the United States Department of Corrections, plaintiff alleges that unnamed Black Panther Party members were convicted and incarcerated without receiving a formal indictment. (*See* Doc. 1, pp. 2-4). Plaintiff also appears to bring a claim of prosecutorial misconduct in connection with the prosecution of Black Panther Party members. *Id.* at 3. For relief, plaintiff seeks the immediate release of the party members.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. As an initial matter, the Court notes that plaintiff lists both himself and the Black Panther Party as plaintiffs in this matter. However, the complaint is signed only by Mr. Hunt. Mr. Hunt is not a lawyer and may not represent other plaintiffs in this matter. *See Powerserve International, Inc. v. Lavi,* 239 F.3d 508, 514 (2d Cir. 2001); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). *See also Smith v. Dukes*, 21 F. App'x. 344, 344-45 (6th Cir. 2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994). By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Keyway Leasing Trust v. U.S.*, No. 1:98-cv-796, 1999 WL 810386, at *2 (W.D. Mich. Aug. 26, 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586, 588 (D. Kan. 1991). The Black Panther Party has not signed the complaint, nor has the filing fee or an application to proceed *in forma pauperis* been submitted

3

by this proffered plaintiff. Therefore, the complaint is construed as being brought solely by Mr. Hunt.[1]

In any event, plaintiff's complaint does not state a claim for relief against the sole defendant, the United States, because the complaint fails to allege any particular facts showing how the United States violated plaintiff's rights. Moreover, the United States is immune from suit except where such immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Plaintiff has alleged no facts indicating immunity has been waived in this case. Therefore, the complaint against the United States must be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

       *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] To the extent plaintiff seeks relief in the form of immediate release from imprisonment, the sole federal remedy would ordinarily be a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Hadley v. Werner,* 753 F.2d 514, 516 (6th Cir. 1985). However, plaintiff is unable to seek habeas relief based on the factual allegations in the complaint because he is not himself in custody and may not file a habeas petition on behalf of third parties.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TYRONE HURT, et al.,  
    Plaintiffs,

vs.

UNITED STATES OF AMERICA,  
    Defendant.

Case No. 1:13-cv-432

Weber, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).